1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMAL J. ELLIS,

Plaintiff,

v.

WASHINGTON STATE DEPT OF
CORRECTIONS, et al.,

Defendants.

CASE NO. 3:15-CV-05421-RBL-DWC

ORDER TO SHOW CAUSE OR
AMEND

15    Plaintiff Jamal Ellis, proceeding *pro se* and *in forma pauperis*, filed this civil rights

16 complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under

17 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Complaint but provides Plaintiff leave

18 to file an amended pleading by August 17, 2015, to cure the deficiencies identified herein.

19                                    **BACKGROUND**

20    Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP"), alleges

21 the Department of Corrections ("DOC") is selling generic, rather than name-brand, items in

22 Intensive Management Units ("IMU"). Dkt. 3, p. 3. Plaintiff maintains: (1) Defendant

23 Correctional Institute Director Danielle Armbruster contracts "with bad hygiene vendors;" (2)

24 Defendant Superintendent D. Holbrook is liable as the superintendent of the DOC; (3) Defendant

1  Sinclair is liable because, as head of the prison divisions, he should have recommended changes

2  in the vendors; and (4) Defendant Warner is liable because he is the secretary and "he could step

3  up funding contracts between better hygiene vendors." *Id.* Plaintiff also alleges Defendants L.

4  Young and J. Aiyeku failed to properly complete Plaintiff's grievances. *Id.* at p. 2.

5  **DISCUSSION**

6  Under the Prison Litigation Reform Act of 1995, the Court is required to screen

7  complaints brought by prisoners seeking relief against a governmental entity or officer or

8  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

9  complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

10  state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

11  who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

12  152 F.3d 1193 (9th Cir. 1998).

13  In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

14  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

15  the violation was proximately caused by a person acting under color of state law. *See Crumpton*

16  *v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

17  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

18  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

19  named defendants caused, or personally participated in causing, the harm alleged in the

20  complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

21  **A.      Conditions of Confinement**

22  Plaintiff alleges he has been subjected to conditions of confinement which violate his

23  Eighth Amendment rights. *See* Dkt. 3, p. 3. Plaintiff maintains he is forced to use generic

24

1  hygiene items including: soap, lotion, toothbrushes and toothpaste, and shampoo. *Id.* The

2  Complaint states these products are not anti-bacterial and have similar prices to name-brand

3  items sold to prisoners housed in general population. *Id.*

4      The Constitution does not mandate comfortable prisons, but neither does it permit

5  inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment,

6  prison officials are required to provide prisoners with basic life necessities, such as food,

7  clothing, shelter, sanitation, medical care, and personal safety. *Id.* "To violate the Cruel and

8  Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind."

9  *Id.* at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of

10 'deliberate indifference' to inmate health or safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294,

11 302-03 (1991)).

12     Plaintiff has failed to allege facts showing the conditions he complains of rise to the level

13 of "inhumane." Plaintiff has access to soap, lotion, toothpaste, toothbrushes, and shampoo,

14 simply not the brand he would like to buy. Further, Plaintiff has not identified any individuals

15 who have acted with deliberate indifference and subjected Plaintiff to conditions which rise to

16 the level of cruel and unusual punishment. Plaintiff states Defendants Armbruster, Holbrook,

17 Sinclair, and Warner have the ability to change the items available to IMU prisoners. Dkt. 3, p. 3.

18 However, this does not show these four Defendants, or any other named Defendant, had

19 subjective knowledge of an inhumane condition of confinement which Plaintiff alleged occurred.

20 Plaintiff has therefore failed to state an Eighth Amendment claim. To proceed with this action,

21 Plaintiff must allege facts showing he faced inhumane conditions of confinement, and must

22 allege in more specific terms who harmed him and how the harm violated his Eighth

23 Amendment rights.

24

1    **B.    Equal Protection**

2          While unclear, Plaintiff may also be attempting to allege a violation of his Fourteenth

3    Amendment equal protection right. Dkt. 3, p. 3. Plaintiff states the prisoners housed in general

4    population are able to obtain name-brand hygiene products, unlike the prisoners housed in IMU.

5    Dkt. 3, p. 3. "In determining whether [this] claim is cognizable under the equal protection clause,

6    [the Court] must first determine whether [the prisoner] is similarly situated to prisoners in the

7    general population." *Larue v. Jurgenson*, 17 F.3d 395, *2 (9th Cir. 1994) (*citing Fraley v. United*

8    *States Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993)). Because Plaintiff is an inmate housed

9    in IMU, he is not similarly situated to the general population prisoners. *Id.* (*citing Hemphill v.*

10   *Kincheloe*, 987 F.2d 589, 591 n. 1 (9th Cir. 1993) (IMU houses inmates who present the greatest

11   threat to orderly and safe operation of the prison, and its special policies and procedures are

12   designed accordingly)). As Plaintiff is not similarly situated to the prisoners in general

13   population, his equal protection claim is not cognizable under § 1983. Plaintiff must show cause

14   as to why this claim should not be dismissed for failure to state a claim.

15   **C.    Denial of Grievances**

16         Plaintiff alleges Defendants L. Young and J. Aiyeku did not complete Plaintiff's

17   grievances through the furthest level and Plaintiff did not receive his grievance by the due date.

18   Dkt. 3, p. 2. Denial of the grievance process fails to state a claim under § 1983 because a

19   prisoner is not entitled to a grievance procedure. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

20   1988) (a prisoner does not have a claim for entitlement to a grievance procedure); *Ramirez v.*

21   *Galaza*, 334 F.3d 8550, 860 (9th Cir. 2003) (finding a prisoner did not have a claim for a loss of

22   liberty regarding the processing of his grievances because inmates lack a separate constitutional

23   entitlement to a specific grievance procedure). Accordingly, Plaintiff must show cause as to why

24

1  his claims against Defendants Young and Aiyeku should not be dismissed based on Plaintiff's

2  failure to state a cognizable claim under § 1983.

3    **D.    Personal Participation**

4       To state a claim under § 1983, Plaintiff must allege facts showing how each Defendant

5  caused or personally participated in causing the harm alleged in the Complaint. *Leer*, 844 F.2d at

6  633; *Arnold*, 637 F.2d at 1355. Sweeping conclusory allegations against an official are

7  insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be

8  based on vicarious liability alone, but must allege the defendant's own conduct violated the

9  plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

10       Plaintiff appears to name Defendants Armbruster, Holbrook, Sinclair, and Warner as

11  defendants because they are in supervisory positions within WSP or the DOC. Dkt. 3. Plaintiff

12  does not allege these four Defendants personal participated in any alleged constitutional

13  violations. *Id.* Because vicarious liability is inapplicable to a § 1983 suit, these claim should be

14  dismissed unless Plaintiff pleads facts in an amended complaint showing how the actions of

15  Defendants Armbruster, Holbrook, Sinclair, and Warner violated Plaintiff's constitutional rights.

16  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

17    **E.    Improper Defendant**

18       Plaintiff names the Washington State DOC as a Defendant. Dkt. 3, p. 1. Section 1983

19  applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of

20  the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will*

21  *v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no

22  evidence the state of Washington has waived its Eleventh Amendment immunity in federal

23  courts. Therefore, the DOC is a state agency which cannot be sued under § 1983.

24

ORDER TO SHOW CAUSE OR AMEND - 5

1    **F.       Instruction to Plaintiff and the Clerk**

2           Plaintiff must show cause as to why this Complaint should not be dismissed for failure to

3    state cognizable claims pursuant to §1983, or file an amended complaint correcting the

4    deficiencies stated in this Order. If Plaintiff intends to pursue a § 1983 civil rights action in this

5    Court, he must file an amended complaint and within the amended complaint, he must write a

6    short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated;

7    (2) the name of the person who violated the right; (3) exactly what the individual did or failed to

8    do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's

9    constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's

10   conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

11          Plaintiff shall present the amended complaint on the form provided by the Court. The

12   amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

13   and not a copy, it should contain the same case number, and it may not incorporate any part of

14   the original complaint by reference. The amended complaint will act as a complete substitute for

15   the original Complaint, and not as a supplement. The Court will screen the amended complaint to

16   determine whether it contains factual allegations linking each Defendant to the alleged violations

17   of Plaintiff's rights. The Court will not authorize service of the amended complaint on any

18   Defendant who is not specifically linked to a violation of Plaintiff's rights.

19          If Plaintiff fails to file an amended complaint or fails to adequately address the issues

20   raised herein on or before August 17, 2015, the undersigned will recommend dismissal of this

21   action as frivolous pursuant to 28 U.S.C. § 1915.

22

23

24

1    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

2  civil rights complaint and for service. The Clerk is further directed to send copies of this Order

3  and Pro Se Instruction Sheet to Plaintiff.

4    Dated this 17th day of July, 2015.

5

6    David W. Christel
     United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR AMEND - 7