UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMAL J. ELLIS,

        Plaintiff,

   v.

WASHINGTON STATE DEPT OF CORRECTIONS, D HOLBROOK, S SINCLAIR, DANIELLE ARMBRUSTER, L YOUNG, J AIYEKU, B WARNER,

        Defendants.

CASE NO. 3:15-CV-05421-RBL-DWC

ORDER

Presently before the Court is Plaintiff's Motion to Modify and/or Terminate Legal Financial Obligations. Dkt. 4. It appears Plaintiff is requesting he not be required to pay a financial obligation owed to the Washington State Department of Corrections arising out of his conviction and/or sentence. *Id.* The current case involves a §1983 claim of an alleged denial of Plaintiff's Eighth Amendment rights and a motion seeking modification or termination of financial obligations arising from a conviction or sentence is improper. *See* Dkt. 3. If Plaintiff wishes to challenge his conviction or sentence (and the financial obligations therein) he may do so through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

ORDER - 1

While Plaintiff's intent is unclear, Plaintiff may be requesting Court relief from the collection of his filing fee in this §1983 case. Dkt. 4. Thus, in an abundance of caution, the Court will treat Plaintiff's Motion as a request to waive the collection of his filing fee.

Plaintiff filed a Motion to Proceed *in forma pauperis* in this case on June 18, 2015. Dkt. 1. The Court granted Plaintiff's Motion and has filed a separate order requiring Plaintiff to amend his Complaint before service will be completed. *See* Dkt. 2, 5. Pursuant to 28 U.S.C. § 1915(b)(1):

> [I]f a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-
>
> (A)   the average monthly deposits to the prisoner's account; or
>
> (B)   the average monthly balance in the prisoner's account for the 6–monthly period immediately preceding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of a plaintiff's filing fee or to return the filing fee after dismissal of an action. In amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits *in forma pauperis*. *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. *See e.g.*, H.R. Conf. Rep. No. 104–378, at 166–67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)).

"Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir.1998). Prisoner cases are no exception. The PLRA has no provision for return of fees partially paid or for cancellation of the remaining fee. *See Goins v. Decaro*, 241 F.3d 260, 261–62 (2d Cir. 2001) (inmates who proceeded pro se and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Id.* at 261.

The decision to file and prosecute this case was made by Plaintiff before he filed this lawsuit. Having filed this case, Plaintiff and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Accordingly, to the extent Plaintiff is requesting the Court waive payment of his filing fee, the Motion is denied.

Dated this 17th day of July, 2015.

David W. Christel
United States Magistrate Judge