UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMAL J. ELLIS,

    Plaintiff,

v.

DANIELLE ARMBRUSTER, and C. BOWMAN,

    Defendants.

CASE NO. 3:15-CV-05421-RBL-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Jamal Ellis, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. After reviewing Plaintiff's Complaint, the Court declined to serve the Complaint, but gave Plaintiff an opportunity to amend his pleading. *See* Dkt. 5. On July 31, 2015, Plaintiff filed his Amended Complaint. Dkt. 7. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's Amended Complaint but provides Plaintiff leave to file a second amended pleading by September 21, 2015, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at Washington State Penitentiary ("WSP"), alleges he is suffering from physical problems as a result of not being able to obtain name brand hygiene

products at WSP. Dkt. 7. Plaintiff alleges Defendant D. Armbruster sold Plaintiff generic hygiene products. *Id*. at p. 3. Plaintiff contends Defendant C. Bowman prohibited Plaintiff from obtaining personal hygiene products from Plaintiff's long term storage. *Id*. at pp. 3-4. As a result of having to use generic hygiene products, Plaintiff states he is suffering from higher blood pressure, bumps, breakouts, body odor, bad breath, cavities, tooth decay, and emotional distress. *Id*. at p. 4.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A.   **Conditions of Confinement**

Plaintiff alleges he has been subjected to conditions of confinement which violate his Eighth Amendment rights. *See* Dkt. 7, pp. 3-4. Plaintiff states he is using generic hygiene products which do not work, and he is not allowed to access his hygiene products located in long term storage.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment, prison officials are required to provide prisoners with basic life necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* "To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Plaintiff alleges the hygiene products provided to him at WSP are causing physical ailments resulting in inhumane conditions of confinement. Dkt. 7, pp. 3-4. Plaintiff, however, fails to allege Defendants Armbruster and Bowman acted with deliberate indifference to Plaintiff's health or safety. *Id.* While Plaintiff alleges Defendants did not provide Plaintiff with the desired hygiene products, the Amended Complaint fails to allege Defendants knew Plaintiff suffered from a physical reaction to the hygiene products he was provided. The Amended Complaint does not show Defendants had subjective knowledge of an inhumane condition of confinement which Plaintiff alleged occurred. Plaintiff has therefore failed to state an Eighth Amendment claim. To proceed with this action, Plaintiff must allege facts showing he faced

inhumane conditions of confinement and must allege Defendants acted with deliberate indifference to Plaintiff's health or safety.

### B. Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a second amended complaint correcting the deficiencies stated in this Order. Within the second amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The second amended complaint will act as a complete substitute for the Amended Complaint, and not as a supplement. The Court will screen the second amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file a second amended complaint or fails to adequately address the issues raised herein on or before September 21, 2015, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

1 | The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C.
2 | § 1983 civil rights complaint and for service. The Clerk is further directed to provide copies of
3 | this Order to Plaintiff.

4 | Dated this 19th day of August, 2015.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge